**Exhibit A**

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FOR THE FIFTH JUDICIAL CIRCUIT |

| | |
|---|---|
| Pipe & Boiler Insulation, Inc., by and through its duly appointed Receiver Peter D. Protopapas, | Civil Action No. 2021-CP-40- |
| | **SUMMONS** |
| Plaintiff, | |
| v. | |
| Continental Insurance Company, formally known as Niagara Fire Insurance Company; Arrowood Indemnity Company, formerly known as Security Insurance Company of Hartford; Nationwide Mutual Insurance Company; Liberty Mutual Insurance Company; Amerisure Insurance Company; South Carolina Property and Casualty Insurance Guaranty Association; and Aon Corporation and Aon Insurance Managers (USA), Inc., as successors-in-interest to Bayly, Martin & Fay, | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served on you, and to serve a copy of your Answer to the said Complaint upon the subscribers at 2110 N. Beltline Blvd., Columbia, South Carolina 29204, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in such Complaint.

*[SIGNATURE ON FOLLOWING PAGE]*

**Exhibit A**

Respectfully submitted,

Dated: August 17, 2021

**RIKARD & PROTOPAPAS, LLC**

By:/s/ Brian M. Barnwell

Brian M. Barnwell (SC Bar 78249)
Rikard & Protopapas, LLC
2110 N. Beltline Blvd.,
Columbia, South Carolina 29204
803.978.6111
bb@rplegalgroup.com

G. Murrell Smith, Jr.
Jonathan M. Robinson
Shanon N. Peake
Smith Robinson Holler DuBose and Morgan, LLC
2530 Devine Street
Columbia, South Carolina 29205
T: 803.254.5445
jon@smithrobinsonlaw.com
murrell@smithrobinsonlaw.com
shanon@smithrobinsonlaw.com

*Attorneys for the Receiver of Pipe & Boiler Insulation, Inc.*

- 2 -

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FOR THE FIFTH JUDICIAL CIRCUIT |

| | |
|---|---|
| Pipe & Boiler Insulation, Inc., by and through its duly appointed Receiver Peter D. Protopapas, | Civil Action No. 2021-CP-40- |
| | **COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT** |
| Plaintiff, | |
| v. | |
| Continental Insurance Company, formally known as Niagara Fire Insurance Company; Arrowood Indemnity Company, formerly known as Security Insurance Company of Hartford; Nationwide Mutual Insurance Company; Liberty Mutual Insurance Company; Amerisure Insurance Company; South Carolina Property and Casualty Insurance Guaranty Association; and Aon Corporation and Aon Insurance Managers (USA), Inc., as successors-in-interest to Bayly, Martin & Fay, | |
| Defendants. | |

COMES NOW Pipe & Boiler Insulation, Inc. (formerly known as Carolina Industrial Insulating Co. and subsequently known as Wind Up) by and through its duly appointed Receiver, Peter D. Protopapas ("Plaintiff" or "Pipe & Boiler"), complaining of the defendants Continental Insurance Company, formerly known as Niagara Fire Insurance Company ("Continental"); Arrowood Indemnity Company, formerly known as Security Insurance Company of Hartford ("Arrowood"); Nationwide Mutual Insurance Company ("Nationwide"); Liberty Mutual Insurance Company ("Liberty"); Amerisure Insurance Company ("Amerisure"); South Carolina Property and Casualty Insurance Guaranty Association ("Guaranty Association"); and Aon Corporation and

- 3 -

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

Aon Insurance Managers (USA). as successors-in-interest to Bayly, Martin & Fay, (collectively "Aon") (collectively, "Defendants"), who through undersigned counsel respectfully shows unto the Court as follows:

## **PARTIES**

1. Pipe & Boiler Insulation, Inc. (formerly known as Carolina Industrial Insulating Co. and subsequently known as Wind Up) appearing by and through its duly appointed Receiver, Peter D. Protopapas, who maintains his principal place of business in Richland County, South Carolina, brings this action. This Court appointed the Receiver to undertake actions to administer all assets of Pipe & Boiler, including without limitation its insurance policies. *See* Exhibit A, Receiver Order, at 1-2 ("This order is inclusive of, but not limited to, the right and obligation to administer any insurance assets of Pipe & Boiler as well as any claims related to the actions or failure to act of Pipe & Boiler's insurance carriers").

2. Plaintiff is informed and believes that defendant Continental Insurance Company, formerly known as Niagara Fire Insurance Company ("Continental") is a corporation organized under the laws of Illinois, with its principal place of business located in the Commonwealth of Pennsylvania.

3. Plaintiff is informed and believes that defendant Arrowood Indemnity Company, formerly known as Security Insurance Company of Hartford, is a corporation organized under the laws of Delaware, with its principal place of business located in North Carolina.

4. Plaintiff is informed and believes that defendant Nationwide Mutual Insurance Company is a corporation organized under the laws of Ohio, with its principal place of business located in Ohio.

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

5.  Plaintiff is informed and believes that defendant Liberty Mutual Insurance Company is a corporation organized under the laws of Massachusetts, with its principal place of business located in Massachusetts.

6.  Plaintiff is informed and believes that defendant Amerisure Insurance Company is a corporation organized under the laws of Michigan, with its principal place of business located in Michigan.

7.  Plaintiff is informed and believes that the Guaranty Association is an association formed under the laws of South Carolina.

8.  Plaintiff is informed and believes that defendant Aon Corporation is organized under the laws of the State of Delaware with its principal place of business in a state other than South Carolina.

9.  Plaintiff is informed and believes that defendant Aon Insurance Managers (USA), Inc. is organized under the laws of Vermont, maintains an office in Charleston, South Carolina, and is a subsidiary or affiliate of Aon Corporation.

10. Plaintiff is informed and believes that one or more additional insurance companies issued policies of insurance to Plaintiff that are responsive to the losses described herein ("Additional Defendants").  Such Additional Defendants may include one or more insurance companies managed by organizations located in New Hampshire, Massachusetts or other jurisdictions.  When the identities of these Additional Defendants become known to Plaintiff, this Complaint will be amended *nunc pro tunc* to state the true identity of such Additional Defendants.

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

## JURISDICTION

11. This Court has jurisdiction over the matters alleged herein pursuant to S.C. Code Ann. §§ 36-2-802 and 36-2-803, Article V of the Constitution of the State of South Carolina, and the Court's plenary powers. This Court appointed the plaintiff as Receiver of Pipe & Boiler.

## VENUE

12. Venue is proper in this Court as it is the Receiver Court with cases pending and anticipated new filings in this Court. Further, on March 3, 2019, pursuant to the Order of the Supreme Court of South Carolina, Order Number 2017-03-03-01, the Honorable Jean H. Toal was appointed to have jurisdiction in all circuits in this state to dispose of all pretrial matters and motions, as well as trials, arising out of asbestos and asbestos litigation filed within the state court system. Thus, the Honorable Jean H. Toal will have jurisdiction over this matter.

## FACTUAL BACKGROUND

13. Pipe & Boiler's historic operations included the installation, repair, replacement, removal or disturbance of thermal insulation and other building materials. Those operations allegedly exposed persons to asbestos who thereby suffered bodily injury (the "Asbestos Allegations"). The alleged bodily injury resulting from the Asbestos Allegations has resulted in suits against Pipe & Boiler ("Pipe & Boiler Asbestos Suits").

14. Defendant Continental issued primary general liability policies to Pipe & Boiler ("The Continental Policies"). The Continental Policies have standard terms and conditions. The Continental Policies have a duty to defend Pipe & Boiler against any and all Pipe & Boiler Asbestos Suits alleging any potential for coverage, even if the Asbestos Allegations in such

**Exhibit A**

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

suits are groundless, false or fraudulent. The duty to defend is joint, several, indivisible and supplemental. The Continental Policies require Continental fully to defend any Pipe & Boiler Asbestos Suit alleging bodily injury during any Continental Policy period. The Continental Policies have a separate duty fully to indemnify Pipe & Boiler from and against any and all Pipe & Boiler Asbestos Suits with bodily injury taking place during any Continental Pipe & Boiler Policy Period. It is the burden of Continental to prove any limitation on or exclusion of coverage. Specifically, Continental issued primary general liability coverage to Pipe & Boiler for at least the seven policy periods January 4, 1974 – January 1, 1981. Pipe & Boiler continues to search for additional policies issued by Continental or any of its predecessors, successors, subsidiaries or affiliates. Should such additional policies be located this Complaint will be amended to include such additional Continental Policies.

15. Continental has failed to fully acknowledge or accept its insuring obligations under the Continental Policies. An actual and justiciable dispute exists between these parties.

16. Defendant Arrowood Indemnity Company, formerly known as Security Insurance Company of Hartford, issued general liability policies to Pipe & Boiler ("The Arrowood Policies"). The Arrowood Policies have standard terms and conditions. The Arrowood Policies have a duty to defend Pipe & Boiler against any and all Pipe & Boiler Asbestos Suits alleging any potential for coverage, even if the Asbestos Allegations in such suits are groundless, false or fraudulent. The duty to defend is joint, several, indivisible and supplemental. The Arrowood Policies require Arrowood fully to defend any Pipe & Boiler Asbestos Suit alleging bodily injury during any Continental Policy period. The Arrowood

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

Policies have a separate duty fully to indemnify Pipe & Boiler from and against any and all Pipe & Boiler Asbestos Suits with bodily injury taking place during any Arrowood Pipe & Boiler Policy Period.  It is the burden of Arrowood to prove any limitation on or exclusion of coverage. Specifically, Arrowood issued primary general liability coverage to Pipe & Boiler for at least the policy period January 1, 1981 – January 1, 1982.

17. Arrowood has failed to fully acknowledge or accept its insuring obligations under the Arrowood Policies.  An actual and justiciable dispute exists between these parties.

18. Defendant Nationwide issued primary general liability policies to Pipe & Boiler ("The Nationwide Policies"). The Nationwide Policies have standard terms and conditions. The Nationwide Policies have a duty to defend Pipe & Boiler against any and all Pipe & Boiler Asbestos Suits alleging any potential for coverage, even if the Asbestos Allegations in such suits are groundless, false or fraudulent.  The duty to defend is joint, several, indivisible and supplemental.  The Nationwide Policies require Nationwide fully to defend any Pipe & Boiler Asbestos Suit alleging bodily injury during any Nationwide Policy period.  The Nationwide Policies have a separate duty fully to indemnify Pipe & Boiler from and against any and all Pipe & Boiler Asbestos Suits with bodily injury taking place during any Nationwide Pipe & Boiler Policy Period.  It is the burden of Nationwide to prove any limitation on or exclusion of coverage. Specifically, Nationwide issued primary general liability coverage to Pipe & Boiler for at least the policy periods June 17, 1982 – September 12, 1986.

19. Nationwide has failed to fully acknowledge or accept its insuring obligations under the Nationwide Policies.  An actual and justiciable dispute exists between these parties.

# Exhibit A

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

20. Defendant Liberty issued general liability policies to Pipe & Boiler ("The Liberty Policies"). The Liberty Policies have standard terms and conditions. The Liberty Policies have a duty to defend Pipe & Boiler against any and all Pipe & Boiler Asbestos Suits alleging any potential for coverage, even if the Asbestos Allegations in such suits are groundless, false or fraudulent.  The duty to defend is joint, several, indivisible and supplemental.  The Liberty Policies require Liberty fully to defend any Pipe & Boiler Asbestos Suit alleging bodily injury during any Liberty Policy period.  The Liberty Policies have a separate duty fully to indemnify Pipe & Boiler from and against any and all Pipe & Boiler Asbestos Suits with bodily injury taking place during any Liberty Pipe & Boiler Policy Period.  It is the burden of Liberty to prove any limitation on or exclusion of coverage. Specifically, Liberty issued primary general liability coverage to Pipe & Boiler for at least the policy periods June 30, 1987 – May 31, 1990.

21. Liberty has failed to fully acknowledge or accept its insuring obligations under the Liberty Policies.  An actual and justiciable dispute exists between these parties.

22. Defendant Amerisure issued general liability policies to Pipe & Boiler ("The Amerisure Policy"). The Amerisure Policy has standard terms and conditions.  The Amerisure Policy has a duty to defend Pipe & Boiler against any and all Pipe & Boiler Asbestos Suits alleging any potential for coverage, even if the Asbestos Allegations in such suits are groundless, false or fraudulent.  The duty to defend is joint, several, indivisible and supplemental.  The Amerisure Policy requires Amerisure fully to defend any Pipe & Boiler Asbestos Suit alleging bodily injury during the Amerisure Policy period.  The Amerisure Policy has a separate duty fully to indemnify Pipe & Boiler from and against any and all Pipe & Boiler

**Exhibit A**

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

Asbestos Suits with bodily injury taking place during the Amerisure Pipe & Boiler Policy Period. It is the burden of Amerisure to prove any limitation on or exclusion of coverage. Specifically, Amerisure issued primary general liability coverage to Pipe & Boiler for at least the policy period May 31, 1990 – May 31, 1991.

23. Amerisure has failed to fully acknowledge or accept its insuring obligations under the Amerisure Policies.  An actual and justiciable dispute exists between these Parties.

24. Atlantic Mutual Insurance Company issued general liability policies to Pipe & Boiler ("The Atlantic Mutual Policies"). The Atlantic Mutual Policies have standard terms and conditions. It is the burden of any insurer, or an entity standing in the place of the insurer, to prove any limitation on or exclusion of coverage. Atlantic Mutual issued primary general liability coverage to Pipe & Boiler for at least the policy periods January 4, 1969 – January 4, 1973.

25. On information and belief, Atlantic Mutual Insurance Company was liquidated on April 27, 2011.

26. The Guaranty Association was statutorily created to protect the policy holders of insolvent insurance companies like Atlantic Mutual. The Guaranty Association "is considered the insurer to the extent of its obligation on the covered claims and, to this extent, has all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent." S.C. Code Ann. § 38-31-60(b).

27. Bayly, Martin & Fay ("BMF") served as an insurance broker to Pipe & Boiler.

28. Upon information and belief, on or about July 4, 1989, Aon acquired the BMF brokerage, including its liabilities, which makes Aon the successor-in-interest to BMF.

**Exhibit A**

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

29. According to Aon's own web site detailing their "Aon Client Promise," Aon makes five promises, or guarantees of performance including "Trusted advisors focused on your needs and priorities;" "Industry-leading experience and people you can trust;" "Comprehensive and tailored solutions that anticipate your needs;" "Distinctive service every day;" and "Superior client value delivered."

30. On information and belief, Pipe & Boiler required umbrella or excess insurance coverage. Pipe & Boiler further expected Aon to procure such insurance and to maintain records of such purchase. Aon had a duty to Pipe & Boiler to fulfill its insuring needs and to meet its own promises and guarantees of performance.

31. Pipe & Boiler alleges that it purchased additional general liability insurance, including umbrella and excess coverage, that it was and is Aon's duty to document such purchase and to have consummated such purchase on its behalf, and that Aon breached its duty.

32. Pipe & Boiler alleges that all of its primary coverage provides an unlimited supplemental duty to defend, and provides "per occurrence" coverage for operations claims, with no limit to the number of occurrences. Pipe & Boiler also alleges that its umbrella coverage, when and if to the extent located and identified, provides for an unlimited supplemental duty to defend when there is no responsive primary coverage and that such umbrella coverage also responds on a per occurrence basis with no limit to the number of occurrences.

33. On March 16, 2021, Plaintiff was appointed Receiver of Pipe & Boiler, giving him the power and authority fully to administer all assets of Pipe & Boiler, accept service on behalf of Pipe & Boiler, engage counsel on behalf of Pipe & Boiler, and take any and all

Exhibit A

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

steps necessary to protect the interests of Pipe & Boiler, whatever they may be. Since appointment, the Receiver has expended substantial time and incurred expenses to identify potential assets and responsive policies and to defend Pipe & Boiler Asbestos Suits in fulfillment of his responsibilities as Receiver. The Receiver will continue to expend substantial time and incur expenses in connection with Pipe & Boiler Asbestos Suits.

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT

34. Plaintiff incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. An actual and justiciable controversy exists between the Receiver for Pipe & Boiler and Defendants Continental, Arrowood, Nationwide, Liberty, and Amerisure concerning Defendants' obligations to Pipe & Boiler, including their obligations to pay for the Receiver's defense of Pipe & Boiler.

36. Judicial declarations are necessary and appropriate at this time, under the circumstances alleged above, so that plaintiff may ascertain his rights against Defendants.

37. Pursuant to S.C. Code Ann. § 15-65-100, the Receiver shall be allowed such commissions as may be fixed by the Court appointing the Receiver.

38. Pursuant to the Supreme Court of South Carolina's ruling in *Ex Parte Simons*, 289 S.C. 1, 344 S.E.2d 151 (1986), a Receiver's fee is based on the value of the Receiver's services and at the appointing Court's discretion.

**Exhibit A**

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

39. Plaintiff is dedicating a substantial amount of time and incurring substantial expenses in his role as Receiver for Pipe & Boiler, including in connection with the defense of asbestos suits against Pipe & Boiler. The Receiver is continuing to devote such time to the defense of Pipe & Boiler and will continue to incur expenses in his role as Receiver, which defense obligations are those of Defendants.

40. Plaintiff respectfully requests this Court to declare that Defendants must fairly compensate Plaintiff for the substantial time, effort, and expenses Plaintiff expended in connection with the defense of asbestos suits potentially covered under the Defendants' policies and to further declare that this obligation is unlimited and shall continue as long as there are Pipe & Boiler Asbestos Suits pending.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT

41. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

42. Pursuant to *Jeffcoat v. Morris*, 300 S.C. 526, 389 S.E.2d 159 (Ct. App. 1989), a Receiver holds the property coming into his or her hands by the same right and title as the person for whose property he or she is receiver.

43. Upon information and belief, Pipe & Boiler purchased insurance policies from Defendants Continental, Arrowood, Nationwide, Liberty, and Amerisure during the periods 1973 to 1986 and 1987 to 1991. These policies are the property of Pipe & Boiler.

44. Plaintiff seeks a judicial declaration that all policies, evidence of policies and documents relating to their placement, purchase and underwriting, including but not limited to such

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

## Exhibit A

documents in the possession of Defendants are the property of the Receiver and shall be delivered immediately to the Receiver to be maintained in his sole possession.

### THIRD CAUSE OF ACTION
### DECLARATORY JUDGMENT

45. Plaintiff incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46. The Receiver seeks a declaration and order that Defendants Continental, Arrowood, Nationwide, Liberty, and Amerisure issued primary general liability coverage to Pipe & Boiler, subject to the per occurrence and aggregate limits of those policies, and that Defendants have an unlimited supplemental duty to defend and to pay or reimburse defense costs.

47. The Receiver seeks a further declaration as to the interpretation and meaning of the insurance policies that Defendants Continental, Arrowood, Nationwide, Liberty, and Amerisure issued to Pipe & Boiler (the "Pipe & Boiler Insurance Policies"), as follows:

    a.   The Pipe & Boiler Insurance Policies cover all Pipe & Boiler Asbestos Suits that allege bodily injury, personal injury, injurious exposure, progression of injury and/or disease, manifestation of illness, or death during any of the policy periods;

    b.   Each Pipe & Boiler asbestos suit "triggers" the Pipe & Boiler Insurance Policies as long as an asbestos plaintiff alleges injury during the period of the policy;

    c.   Pipe & Boiler may select the policy or policy years to which to assign or allocate in full each Pipe & Boiler Asbestos Suit-related loss;

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

d.   In the case of any claimed ambiguity in any Pipe & Boiler Insurance policy, such ambiguity shall be construed in favor of the broadest coverage afforded under the Pipe & Boiler Insurance Policies;

e.   Defense costs for the Pipe & Boiler asbestos suits are supplemental, and the payment of defense costs does not erode or impair any limit of liability of any of the Pipe & Boiler Insurance Policies;

f.   If any allegation or cause of action in a Pipe & Boiler Asbestos Suit is potentially covered under the Pipe & Boiler Insurance Policies, then the insurer must fully defend or reimburse in full the costs of defending against all of the allegations and all of the causes of action in the complaint;

g.   Each Pipe & Boiler Insurance Policy is required to pay or reimburse all sums that the insured becomes legally obligated or reasonably required to pay as damages by reason of Pipe & Boiler Asbestos Suits;

h.   Each Pipe & Boiler Insurance Policy must indemnify covered Pipe & Boiler Asbestos Suits, in full, up to its "per occurrence" limit, regardless of whether a continuing injury spans multiple policy periods;

i.   The Pipe & Boiler Asbestos Suits that allege exposure to asbestos during Pipe & Boiler's work are subject only to the "per occurrence" limits of the Pipe & Boiler Insurance Policies;

j.   Any aggregate limit on coverage in any of the Pipe & Boiler Insurance policies is a limitation on coverage, and therefore each insurer has the burden to prove,

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

based on the evidence, that a Pipe & Boiler Asbestos Suit is subject to the aggregate limit in the Pipe & Boiler Insurance Policies, if any; and

k. Each insurer has the burden to prove, based on the evidence, that any particular Pipe & Boiler Asbestos Suit is either a "products" claim or a "completed operations" claim, as those terms are defined in the Pipe & Boiler Insurance Policies, in order for the insurer to disclaim coverage for a Pipe & Boiler Asbestos Suit against Pipe & Boiler otherwise alleging injury during any Pipe & Boiler Insurance policy period.

48. Actual and justiciable controversies therefore exist between Pipe & Boiler and Defendants concerning their obligations under the Pipe & Boiler Insurance Policies.

<u>**FOURTH CAUSE OF ACTION**</u>
<u>**DECLARATORY JUDGMENT**</u>

49. Plaintiff incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

50. At the time that Atlantic Mutual was liquidated on April 27, 2011, the Guaranty Association became statutorily required to take on the liabilities of Atlantic Mutual.

51. Plaintiff seeks the same declarations sought in paragraphs 46 and 47 of this Complaint against the Guaranty Association under the Atlantic Mutual policies, and incorporates by references paragraphs 46 and 47 as though fully set forth against the Guaranty Association under the Atlantic Mutual policies.

52. Plaintiff seeks a declaration that the Guaranty Association is responsible for any and all amounts Atlantic Mutual owes to Pipe & Boiler under the terms of the Atlantic Mutual insurance policies.

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

53. Alternatively, Plaintiff seeks a judicial declaration and order that the Guaranty Association must immediately transfer to the Receiver or to a qualified settlement fund established pursuant to Section 468B of the Internal Revenue Code, a sum in the appropriate amount as determined by the Court.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROCURE INSURANCE

54. Plaintiff incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

55. Bayly, Martin & Fay ("BMF"), had a duty to exercise reasonable skill, care, and diligence to procure appropriate insurance for Pipe & Boiler.

56. Upon information and belief, BMF was negligent and breached its duty to procure appropriate insurance coverage for Pipe & Boiler during each of the years BMF was obligated to procure insurance.

57. This failure on the part of BMF includes, but is not limited to, the failure to procure products coverage for Pipe & Boiler.

58. Defendant Aon is the successor-in-interest to BMF and assumed responsibility for BMF's acts and omissions and, therefore, is responsible for any shortfall or deficiency in coverage for the Pipe & Boiler Asbestos Suits.

59. BMF's failure to procure appropriate insurance for Pipe & Boiler was not discovered until the Receiver's appointment.

Exhibit A

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

### SIXTH CAUSE OF ACTION
### BREACH OF CONTRACT

60. Plaintiff incorporates by reference paragraphs 1 through 60 as though fully set forth herein.

61. Pipe & Boiler contracted with BMF to procure appropriate insurance for Pipe & Boiler.

62. Upon information and belief, BMF breached its contractual obligations by failing to procure appropriate insurance coverage for Pipe & Boiler.

63. This breach on the part of BMF includes, but is not limited to, the failure to procure products coverage for Pipe & Boiler.

64. As a direct and proximate result of BMF's breach of contract, Pipe & Boiler has suffered direct, indirect and consequential damages in an amount to be determined at trial.

65. Defendant Aon is the successor-in-interest to BMF and assumed responsibility for BMF's acts and omissions and, therefore, is responsible for BMF's breach of contract as described above.

66. BMF's breach of contract was not discovered until the Receiver's appointment.

### SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT

67. Plaintiff incorporates by reference paragraphs 1 through 66 as though fully set forth herein.

68. Pipe & Boiler was insured by one or more policies issued by Defendants Continental, Liberty, and Amerisure.

**Exhibit A**

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

69. Pipe & Boiler provided timely notices to Defendants Continental, Liberty, and Amerisure of the Pipe & Boiler Asbestos Suits.[1]

70. Defendants Continental, Liberty, and Amerisure, unreasonably and without proper cause, have failed to defend Pipe & Boiler in the Pipe & Boiler Asbestos Suits as required by the policies they issued to Pipe & Boiler.

71. The failure of Defendants Continental, Liberty, and Amerisure to provide a defense to Pipe & Boiler in the Pipe & Boiler Asbestos Suits has caused, and will continue to cause, harm and damages to Pipe & Boiler, including, but not limited to, incurring legal fees that should be paid for by Defendants Continental, Liberty, and/or Amerisure.

### **PRAYER FOR RELIEF**

WHEREFORE, Pipe & Boiler, by and through its duly appointed Receiver, demands judgment against defendants as follows:

A. For Plaintiff's compensation in connection with the defense of asbestos suits against Pipe & Boiler in an amount set by this Court;

B. For an order requiring that Defendants provide to plaintiff complete and authentic copies of any general liability and excess liability insurance policies it issued to Pipe & Boiler together with all other documents and things relating to these policies, including (but not limited to) certificates of insurance, underwriting manuals and documents, and claims files;

---

[1] The Receiver recently tendered suits to other Pipe & Boiler insurers and is awaiting their responses to those tenders. If those tenders are not accepted, the Receiver will amend this claim to add those insurers.

**Exhibit A**

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

C.  For an order requiring Defendants to defend Pipe & Boiler in full against all asbestos suits alleging bodily injury during the Defendants' policy periods unless and until either Defendants can show unequivocally, based on the evidence adduced in the litigation, that an exclusion in their respective policies otherwise bars coverage for a suit;

D.  The Receiver seeks a further declaration as to the interpretation and meaning of the insurance policies:

    i.  The Pipe & Boiler Insurance Policies cover all Pipe & Boiler Asbestos Suits that allege any bodily injury, personal injury, injurious exposure, progression of injury and/or disease, manifestation of illness, or death during any of its policy periods;

    ii.  Each Pipe & Boiler asbestos suit "triggers" at least one Pipe & Boiler Insurance policy as long as an asbestos plaintiff alleges injury during the period of the policy;

    iii.  Pipe & Boiler may select the policy or policy years to which to assign or allocate in full each Pipe & Boiler asbestos loss;

    iv.  In the case of a claimed ambiguity in any Pipe & Boiler Insurance policy, such ambiguity shall be construed in favor of the broadest coverage afforded under the Defendants' policies, and Defendants bears the burden of proof as to any such ambiguity;

    v.  Defense costs for the Pipe & Boiler asbestos suits are supplemental, and the payment of defense costs does not erode or impair any limit of liability of any of the Pipe & Boiler Insurance policies;

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

## Exhibit A

vi.    If any allegation in a Pipe & Boiler Asbestos Suit is potentially covered under the Pipe & Boiler Insurance Policies, then the insurer must defend or reimburse in full the costs of defending against all of the allegations and all of the causes of action in the complaint;

vii.    Each Pipe & Boiler Insurance Policy is required to pay or reimburse all sums that the insured becomes legally obligated or reasonably required to pay as damages by reason of the Pipe & Boiler Asbestos Suits;

viii.    Each Pipe & Boiler Insurance Policy must indemnify covered Pipe & Boiler Asbestos Suits, in full, up to its "per occurrence" limits, regardless of whether a continuing injury spans multiple policy periods;

ix.    The Pipe & Boiler Asbestos Suits that allege exposure to asbestos during Pipe & Boiler's work are subject only to the "per occurrence" limits of the Pipe & Boiler Insurance policies;

x.    Any aggregate limit on coverage in any of the Pipe & Boiler Insurance Policies is a limitation on coverage, and the insurers therefore have the burden to prove, based on the evidence, that a Pipe & Boiler Asbestos Suit is subject to the aggregate limit in the Pipe & Boiler Insurance Policies, if any; and

xi.    Each insurer and the Guaranty Association has the burden to prove, based on the evidence, that any particular Pipe & Boiler Asbestos Suit is either a "products" claim or a "completed operations" claim, as those terms are defined in the Pipe & Boiler Insurance Policies, in order for the insurer to disclaim coverage for a

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

Pipe & Boiler Asbestos Suit against Pipe & Boiler otherwise alleging injury during the Pipe & Boiler insurance policy period.

E.  Defendant Aon breached its obligations by not procuring the appropriate insurance for Pipe & Boiler and is liable to the Receiver for money damages in an amount to be proven at trial.

F.  Defendant Guaranty Association is responsible for any and all amounts Atlantic Mutual owes to Pipe & Boiler under the terms of the Atlantic Mutual insurance policy.

G.  Defendants Continental, Liberty, and Amerisure are liable for the damages incurred by Pipe & Boiler due to their breaches of contract, including, but not limited to, reimbursing Pipe & Boiler for any legal fees and costs incurred by defending the Pipe & Boiler Asbestos Suits.

H.  For such other and further relief as the Court may deem just and proper, including pre-judgment and post-judgment interest as provided by South Carolina law.

*[SIGNATURE ON FOLLOWING PAGE]*

## Exhibit A

Respectfully submitted,

Dated: August 17, 2021                    **RIKARD & PROTOPAPAS, LLC**

By: /s/ Brian M. Barnwell
_____

Brian M. Barnwell (SC Bar 78249)
Rikard & Protopapas, LLC
2110 N. Beltline Blvd.,
Columbia, South Carolina 29204
803.978.6111
bb@rplegalgroup.com

G. Murrell Smith, Jr.
Jonathan M. Robinson
Shanon N. Peake
Smith Robinson Holler DuBose and Morgan, LLC
2530 Devine Street
Columbia, South Carolina 29205
T: 803.254.5445
jon@smithrobinsonlaw.com
murrell@smithrobinsonlaw.com
shanon@smithrobinsonlaw.com

*Attorneys for the Receiver of Pipe & Boiler Insulation, Inc.*

- 23 -

ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

ELECTRONICALLY FILED - 2021 Mar 16 2:27 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001952
ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

|  |  |  |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) ) ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) ) ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| **DIANNE MCCULLOUGH** and **FLOYD DAVID COOPER,** Individually and as Personal Representatives of the Estate of **OLIN D. COOPER,** | ) ) ) ) ) ) | **C/A NO. 2020-CP-40-1952** <br> **ORDER** APPOINTING RECEIVER <br> Asbestos Personal Injury Litigation <br> Coordinated Docket |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| **4520 CORPORATION,** et al. | ) ) ) | |
| Defendants. | ) ) | |

THIS MATTER is before the Court by the Plaintiff's Motion to Appoint a Receiver Pipe & Boiler Insulation, Inc. (formerly known as Carolina Industrial Insulating Co. and subsequently known as Wind Up, Ltd and collectively with Pipe & Boiler Insulation, Inc. "Pipe & Boiler") filed March 11, 2021. Pursuant to S.C. Code §15-65-10(4). This Court finds that the application is meritorious under the applicable statute because Pipe & Boiler has dissolved and Pipe & Boiler, a South Carolina Corporation has forfeited its charter and has further failed to answer this case and therefore, Plaintiff requests for an expedited ruling on this motion is appropriate and also granted.

Therefore, this Court hereby appoints Peter Protopapas be and hereby is appointed Receiver in this case pursuant to the South Carolina Law with the power and authority fully administer all assets of Pipe & Boiler, accept service on behalf of Pipe & Boiler, engage counsel on behalf of Pipe & Boiler and take any and all steps necessary to protect the interests of Pipe & Boiler whatever they may be. This order is inclusive of, but not limited to, the right and obligation

1

## Exhibit A

to administer any insurance assets of Pipe & Boiler as well as any claims related to the actions or failure to act of Pipe & Boiler's insurance carriers.

In addition to the powers of the Receiver set forth herein, the Receiver shall have the following rights, authority and powers with respect to the Respondent's property, to: 1) collect all accounts receivable of Respondent and all rents due to the Respondent from any tenant; 2) to change locks to all premises at which any property is situated; 3) open any mail addressed to the defendant and addressed to any business owned by the Respondent; redirect the delivery of any mail addressed to the Respondent or any business of the Respondent, so that the mail may come directly to the receiver; 4) endorse and cash all checks and negotiable instruments payable to Respondent, except paychecks for current wages; 5) hire a real estate broker to sell any real property and mineral interest belonging to the Respondents; 6) hire any person or company to move and store the property of Respondent; 7) to insure any property belonging to the Respondents (but not the obligation); 8) obtain from any financial institution, bank, credit union, savings and loan or title company, credit bureau or any other third party, any financial records belonging to or pertaining to the Defendants; 9) obtain from any landlord, building owner or building manager where the Respondent or the Respondent's business is a tenant, copies of the Respondent's lease, lease application, credit application, payment history and copies of Respondent's checks for rent or other payments; 10) hire any person or company necessary to accomplish any right or power under this Order; and 11) take all action necessary to gain access to all storage facilities, safety-deposit boxes, real property, and leased premises wherein any property of Respondent may be situated, and to review and obtain copies of all documents related to same.

Based on the Court's experience in other receivership matters, and in an effort to streamline these proceedings, the Court expects the Receiver to investigate the existence of all insurance

ELECTRONICALLY FILED - 2021 Mar 16 2:27 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001952
ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

## Exhibit A

coverages potentially available to the company in receivership. The Receiver will provide potential insurers with lists of work sites, contractors, and insurance brokers and agents to facilitate the insurers' searches for coverage (specifically including coverage provided to any related or subsidiary companies of the company in receivership or any company for whom the company in receivership did work as an "additional insured" under coverage written to another entity). The Court expects all insurers to comply with subpoenas issued by this Court and its Receiver in effectuating these thorough searches.

The Court further orders that, as the Receiver Court, that the Receiver or Pipe & Boiler Insulation, Inc. may not be sued outside this Court without obtaining the Receiver's consent or an order of this Court prior to doing so.

AND IT SO ORDERED this _____ day of _____ 2021.

_____
Jean Hoefer Toal, Chief Justice of the Supreme Court of
South Carolina (Retired), acting as Circuit Court Judge

ELECTRONICALLY FILED - 2021 Mar 16 2:27 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001952
ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144

**Exhibit A**

ELECTRONICALLY FILED - 2021 Mar 16 2:27 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001952
ELECTRONICALLY FILED - 2021 Aug 17 10:16 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004144



Richland Common Pleas

**Case Caption:**     Dianne  Mccullough , plaintiff, et al vs   4520 Corp Inc , defendant, et al

**Case Number:**     2020CP4001952

**Type:**     Order/Appointment of Receiver

So Ordered

Jean H. Toal

Electronically signed on 2021-03-16 14:09:26    page 4 of 4