

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| PIPE & BOILER INSULATION, INC., *by and through its duly appointed Receiver, Peter D. Protopapas*,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CONTINENTAL INSURANCE COMPANY, *formerly known as Niagara Fire Insurance Company*; ARROWOOD INDEMNITY COMPANY, *formerly known as Security Insurance Company of Hartford*; NATIONWIDE MUTUAL INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; AMERISURE INSURANCE COMPANY; SOUTH CAROLINA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION; AON CORPORATION; and AON INSURANCE MANAGERS (USA) INC., *as successors-in-interest to Bayly, Martin & Fay*,<br>　　　　　　　Defendants. | CIVIL ACTION NO. 3:21-3033-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND**

### I.  INTRODUCTION

Plaintiff Pipe & Boiler Insulation, Inc. (Pipe & Boiler), by and through its duly appointed Receiver, Peter D. Protopapas (Protopapas), brought this lawsuit against the above-named defendants in the Richland County Court of Common Pleas.  Pipe & Boiler make claims for declaratory judgment, failure to procure insurance, and breach of contract.

Defendant Amerisure Insurance Company (Amerisure) subsequently removed the case to this Court with the consent of all of the other defendants, except for Defendant South Carolina Property and Casualty Insurance Guaranty Association (the Association). Amerisure contends in its Notice of Removal that the Court has diversity jurisdiction in accordance with 28 U.S.C. § 1332.

Pending before the Court is Pipe & Boiler's motion to remand. Having carefully considered the motion, the notice of removal, the response, the replies, the record, and the relevant law, it is the judgment of this Court that Pipe & Boiler's motion to remand must be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

"Pipe & Boiler Insulation, Inc. (formerly known as Carolina Industrial Insulating Co. and subsequently known as Wind Up)[,] appearing by and through its duly appointed Receiver, Peter D. Protopapas . . . brings this action. . . . to undertake actions to administer all assets of Pipe & Boiler, including without limitation its insurance policies." Complaint ¶ 1. As such, "Protopapas is charged with marshaling Pipe & Boiler's assets and managing the defense of the numerous asbestos lawsuits now filed against it." Pipe & Boiler's Motion at 2.

"Pipe & Boiler's historic operations included the installation, repair, replacement, removal or disturbance of thermal insulation and other building materials." Complaint ¶ 13. "Those operations allegedly exposed persons to asbestos who thereby suffered bodily injury. . . The alleged bodily injury resulting from the Asbestos Allegations has resulted in suits against Pipe & Boiler." *Id*.

"Since [Protopapas's] appointment, [his] investigation has revealed that, during its existence, Pipe & Boiler purchased various policies of insurance to protect its business and those who might

2

be injured by its operations." Pipe & Boiler's Motion at 2. According to Pipe & Boiler, it "purchased this insurance from a series of insurers, including defendants Continental Insurance Company (Continental), Arrowwood Indemnity Company . . . , Nationwide Mutual Insurance Company (Nationwide), Amerisure, Atlantic Mutual Insurance Company (Atlantic Mutual), and likely others." *Id*. (internal quotation marks omitted).

Among those Pipe & Boiler named in its complaint, it also sued the Association. As is relevant here, the Association "is a nonprofit, unincorporated legal entity created in 1971 by the South Carolina Legislature. . . . The purpose of the Association is to provide a safety net for insurance consumers if their insurance company becomes insolvent and is no longer able to meet its obligations." https://www.scguaranty.com/about.html (last accessed on April 14, 2022).

In this case, the Association effectively stands in the shoes of Atlantic Mutual, one of Pipe & Boiler's insurance providers. Complaint ¶ 27. When "Atlantic Mutual was liquidated on April 27, 2011, the . . . Association became statutorily required to take on the liabilities of Atlantic Mutual." *Id*. ¶ 50.

Protopapas is a citizen of South Carolina. Notice of Removal ¶ 8. Although this case was brought in the name of Pipe & Boiler, the Court looks to Protopapas's South Carolina citizenship for purposes of determining whether it has diversity jurisdiction. *See Mexican Cent. Ry. Co. v. Eckman*, 187 U.S. 429, 434 (1903) (holding that an executor "may stand upon their own citizenship in the Federal courts").

All of the insurance companies are citizens of states other than South Carolina. And, as the Court will more fully explain below, the Association is a citizen of all of the states of all of the insurance companies that write insurance in South Carolina.

3

As the Court noted above, after Pipe & Boiler filed this lawsuit in the Richland County Court of Common Pleas, Amerisure removed the case to this Court with the consent of all of the other defendants, except for the Association.  Pipe & Boiler then filed its motion to remand, after which Amerisure and Nationwide were dismissed from this lawsuit.

Continental and Liberty Mutual Insurance Company (Liberty) subsequently filed a response in opposition to the motion, to which Aon Corporation, Aon Insurance Managers (USA), Inc. filed a notice of joinder (collectively, Opposing Defendants).  Thereafter, both Pipe & Boiler and the Association filed replies in support of the motion.  Continental and Liberty then filed a sur-reply.

The Court, having been fully briefed on the relevant issues, is prepared to adjudicate Pipe & Boiler's motion.

**III.     STANDARD OF REVIEW**

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332.  Neither party alleges the existence of a federal question, so if this case is removable, it must be under the diversity statute. Complete diversity jurisdiction exists when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Section "1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005).

4

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." *Id.* § 1441(a).

The removal statutes "require all defendants in a case to join in or consent to removal, creating the so-called rule of unanimity." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) (internal quotation marks omitted).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151).

"Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999). "The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules." *Id.*

"If federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Mulcahey*, 29 F.3d at 151). Moreover, when considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163-64 (5th Cir. 1988).

**IV.     DISCUSSION AND ANALYSIS**

As a preliminary matter, the Court notes that the parties are operating with the understanding that the Association is a citizen of just South Carolina. *See* Amerisure's Notice of Removal ¶ 16 (The "Association is . . . is a citizen of South Carolina."); Pipe & Boiler's Motion at 1. (The Association "is a non-diverse South Carolina defendant[.]"). But, this is inaccurate.

The Association "is a nonprofit unincorporated legal entity created by the legislature." *Builders Transport, Inc. v. South Carolina Property and Cas. Ins. Guar. Ass'n*, 415 S.E.2d 419, 424 (S.C. Ct. App. 1992). And, "an unincorporated association['s] . . . citizenship is that of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004).

As is relevant to this case, "'[m]ember insurer' means any person who (a) writes any kind of insurance . . . , and (b) is licensed to transact insurance in this State." S.C. Code § 38-31-20. Thus, as the Court mentioned earlier, the Association is a citizen of all of the states of all of the insurance companies who write insurance in South Carolina.

Although the Fourth Circuit has neglected to address this issue, two other circuit courts have also held that the citizenship of an association is that of all its members. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 677 (2d Cir. 1990) (holding that the citizenship of an insurance guaranty association is that of its members); *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (same).

### A.     *Whether the Association was fraudulently joined to defeat the Court's diversity jurisdiction*

Pipe & Boiler maintain "that this case must be remanded to state court because [the Association] is a non-diverse . . . defendant which declined to consent to this removal in the first place." Pipe & Boiler's Motion at 1.

Opposing Defendants, however, contend that Pipe & Boiler fraudulently joined the Association so as to destroy this Court's diversity jurisdiction. If this is true, then the Association's citizenship will be ignored. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (holding that

the fraudulent joinder "doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.").

Further, the Association's consent to remove would be unnecessary if it was fraudulently joined. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("[T]here is no need to obtain the consent of the improperly or fraudulently joined defendants[.]").  If, however, the Association was not fraudulently joined, then this case must be remanded to state court.

"[T]o establish that [the Association] has been fraudulently joined, [Opposing Defendants] must establish either: that there is no possibility that [Pipe & Boiler] would be able to establish a cause of action against [the Association] in state court; or that there has been outright fraud in [Pipe & Boiler's] pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th 1993) (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted) (emphasis omitted).

Here, Opposing Defendants bring no allegations of outright fraud in the jurisdictional pleadings.  So, if fraudulent joinder exists, it must be under the "'no possibility' formulation, in which [Pipe & Boiler's] claim . . . 'need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Marshall*, 6 F.3d at 233).

Hence, Opposing Defendants' burden here "is heavy; [they] must show that [Pipe & Boiler] cannot establish a claim against [the Association] even after resolving all issues of fact and law in [Pipe & Boiler's] favor." *Marshall*, 6 F.3d. at 232-33 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). " A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233.

The Fourth Circuit has held "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id*. (quoting *Hartley*, 187 F.3d at 424 (internal quotation marks omitted). And, when analyzing fraudulent joinder under the no possibility prong, "the [C]ourt is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *Mayes*, 198 F.3d at 464 (citation omitted) (internal quotation marks omitted).

This standard, of course, heavily favors Pipe & Boiler, "who must show only a glimmer of hope of succeeding against [the Association]." *Johnson*, 781 F.3d at 704 (citation omitted) (internal quotation marks omitted). "Once the court identifies this glimmer of hope for [Pope & Boiler], the jurisdictional inquiry ends." *Hartley*, 187 F.3d at 426.

Defendants contend Pipe & Boiler's claim against the Association is time barred. Pipe & Boiler, of course, maintains that it is not.

"The Association is a last resort insurer created by the legislature to protect consumers in the event that their insurer becomes insolvent." *Buchanan v. The South Carolina Property and Casualty Insurance Guaranty Association*, 790 S.E.2d 783, 786 (S.C. Ct. App. 2016) (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted). "Section 38–31–60(b) states the Association is considered the insurer to the extent of its obligation on the covered claims and, to this extent, has all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent." *Id*. (internal quotation marks omitted). As the Court mentioned above, here, the Association effectively stands in the shoes of the now insolvent Atlantic Mutual**.**

But, "[b]ecause the Association is a creature of statute, its duties, liabilities, and obligations are controlled by the terms and conditions set forth in the [South Carolina Code]. Pursuant to the [Code], the Association must pay certain covered claims[.]" *Id.* (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted).

A covered claim is defined in S.C. Code § 38-31-20 (8) as

> an unpaid claim, including one of unearned premiums, which arises out of and is within the coverage and is subject to the applicable limits of an insurance policy to which this chapter applies issued by an insurer, if the insurer is an insolvent insurer and (a) the claimant or insured is a resident of this State at the time of the insured event, if for entities other than an individual, the residence of a claimant or insured is the state in which its principal place of business is located at the time of the insured event or (b) the claim is for first-party benefits for damage to property permanently located in this State.

*Id*. As to the timing of a covered claim, S.C. Code 38-31-60(a)(iv)(2) states that

> [a] covered claim does not include any claim filed with the association after the final date set by a court for the filing of claims against the liquidator or receiver of an insolvent insurer, or any claim filed with the association more than eighteen months after the declaration of insolvency, whichever date occurs first; provided, however, that this provision shall be without prejudice to the filing of a claim with the liquidator or receiver of an insolvent insurer or the filing of a claim with any other Guaranty Association or similar organization in another state.

*Id*.

Pipe & Boiler makes several argument about when its claims arose. But, that is not the question before the Court. Here, the Court is instead concerned with when Pipe & Boiler filed its claims with the Association.

According to the record before the Court, and as the Court has already observed, Atlantic Mutual was declared insolvent on April 27, 2021. Thus, Pipe & Boiler had eighteen months, until October 17, 2012, to file a claim with the Association. But, it neglected to file any claim within that time period. Any claims Pipe & Boiler might have against the Association are, therefore, time barred.

The Court notes that the Association agreed with that assessment in its answer to Pipe & Boiler's complaint. *See* The Association's Answer ¶ 19 (stating that the "claims are time barred pursuant to S.C. Code Ann. § 38-31-60(a)"). But now, the Association inexplicably maintains the

9

claims against it might not be time barred after all. As the Court explains above, however, it rejects that argument.

Inasmuch as Pipe & Boiler's claims against the Association are time barred, it lacks any "glimmer of hope of succeeding against [the Association]." *Johnson*, 781 F.3d at 704 (citation omitted) (internal quotation marks omitted). Thus, the fraudulent joinder doctrine is applicable and the Court will "disregard, for jurisdictional purposes, the citizenship of [the Association], assume jurisdiction over a case, dismiss [the Association], and thereby retain jurisdiction." *Mayes*, 198 F.3d at 461.

Nevertheless, the Court must address one other argument as to the propriety of remand..

### B.     *Whether there is a statutory requirement that claims against the Association remain in state court*

Two parties in this case argue for remand: Pipe & Boiler and the Association. The Association, in their reply in support of remand, maintains that S.C. Code Ann. § 38-31-60(j) mandates that a claimant bring any claims for direct recovery against the Association in state court, and that the case cannot be thereafter removed to federal court. But, that is not what this statute says.

As per § 38-31-60(j), the Association "may . . . be sued; provided . . .that any action brought directly against the association must be brought against the association in the State of South Carolina as a condition precedent to recovery directly against the association[.]" *Id*. Looking at the plain meaning of the statute, there is no requirement that a claim against the Association either be brought in state court or that it remain there. The only requirement is that it "be brought . . . in the State of South Carolina." *Id*.

"Under the plain meaning rule, it is not the [C]ourt's place to change the meaning of a clear and unambiguous statute." *Hodges v. Rainey*, 533 S.E.2d 578, 581 (S.C. 2000). "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of

statutory interpretation are not needed and the [C]ourt has no right to impose another meaning." *Id*. Thus, the Court declines the Association's invitation to graft requirements on the statute that are not there.

Pipe & Boiler brought its claim against the Association in a state court in the State of South Carolina, and it remains in a court in South Carolina, albeit a federal one. As such, there is no violation of § 38-31-60(j).

The Court's conclusion that the fraudulent joinder doctrine applies here and that § 38-31-60(j) does not require this case to remain in state court are dispositive. Therefore, the Court need not address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

## V.     CONCLUSION

Based on the foregoing discussion and analysis, Pipe & Boiler's motion to remand is **DENIED**. Further, as the Court explained above, Pipe & Boiler's claims against the Association are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 19th day of April, 2022, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE