UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pipe & Boiler Insulation, Inc., by and through its duly appointed Receiver Peter D. Protopapas, and PBI QSF, LLC, a Delaware limited liability company,<br><br>          *Plaintiffs*,<br><br>v.<br><br>Continental Insurance Company, formerly known as Niagara Fire Insurance Company; Arrowood Indemnity Company, formerly known as Security Insurance Company of Hartford; Liberty Mutual Insurance Company; United States Fire Insurance Company; and Aon Corporation and Aon Insurance Managers (USA) Inc., as successors-in-interest to Bayly, Martin & Fay,<br>          *Defendants*. | C/A No. 3:21-cv-03033-MGL<br><br>**BRIEF OF *AMICUS CURIAE* RECEIVER PETER M. MCCOY, JR. IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND BASED ON *BARTON* DOCTRINE** |

**BRIEF OF *AMICUS CURIAE* RECEIVER PETER M. MCCOY, JR. IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND BASED ON *BARTON* DOCTRINE**

  On June 16, 2022, Pipe & Boiler Insulation, Inc., by and through its duly appointed receiver Peter D. Protopapas, filed a motion to remand because this Court lacks subject-matter jurisdiction under the Supreme Court's decision in *Barton v. Barbour*, 104 U.S. 126 (1881). ECF No. 114. This issue is incredibly important to other court-appointed receivers, including me, which is why I have filed this *amicus curiae* brief.[1]

---

[1]  State receivership courts recently have appointed me to serve as a receiver in three matters: (1) The Court of Common Pleas for the County of Hampton, South Carolina recently appointed me, along with John T. Lay, Jr.—counsel for Defendant Arrowood Indemnity Company in this matter—to serve as co-receivers in the highly publicized litigation involving Alex Murdaugh and Buster Murdaugh. *See Renee S. Beach v. Gregory M. Parker*, 2019CP2500111 (Nov. 2, 2021) (Hon. Daniel Hall). (2) On November 15, 2021, I was appointed to serve as the receiver for FC Midlands Kathwood, LLC, by order of the Court of Common Pleas for the County of Richland, South Carolina in the case captioned *Teresa Petitt, as Personal Representative for the Estate of Floyd Dallas McMurray v. National Fire and Marine Insurance Company, et al.*, C/A 2020-CP-40-03732. The Court entered the appointment order without a hearing on the underlying Motion to Appoint Receiver. After the Order was entered, Mr. Lay's client requested a hearing to challenge my appointment. (3) The Court of Common Pleas for the County of Richland

The "*Barton* doctrine" protects receivers doing the jobs they have been appointed to do—find, collect, and eventually distribute a company's assets. Allowing removal of collection claims filed by a receiver in a receivership court would seriously jeopardize that receivership court's exclusive jurisdiction to administer an estate, would undermine receivers, and would discourage people from accepting the court's appointment to be a receiver.

Receivership is an age-old process, and though rarer now, state courts continue to appoint receivers today. *See* Richard L. Marcus, 12 FED. PRAC. & PROC. CIV. § 2983 (3d ed. 2022) (providing a non-exhaustive list of instances in which courts appoint receivers, including in suits implicating foreclosure, the impairment of corporate assets, fraudulent conveyances by a judgment debtor, and requests made by government officials acting pursuant to specific legislation).

When a state court determines that a case warrants appointment of a receiver, federal courts should be highly deferential to the state court's determination. Comity and federalism weigh heavily against interfering with state receivership proceedings. In my view, this Court should construe the *Barton* doctrine with these important, systemic interests in mind. Unless it is clear that the *Barton* doctrine does not apply, the Court should apply it and remand.

The *Barton* doctrine applies here. The defendants have cited no reported decision declining to remand a collection claim brought by a receiver in a receivership courts. It seems highly unlikely that, for more than 100 years, sophisticated corporate defendants simply misunderstood that they could have removed collections cases like Pipe & Boiler's to federal court. More likely, they knew removal was futile because the district court lacked jurisdiction over collection claims under the *Barton* doctrine.

---

appointed me to serve as the receiver for a defunct corporation in an environmental case. *See Barbara Bullard Mimms & John Mimms v. Burlington Indus., Inc.*, C/A 2021-CP-40-05873 (May 13, 2022) (Hon. Jocelyn Newman).

Exercising removal jurisdiction over the claims of Pipe & Boiler and the counterclaims against Pipe & Boiler would send a message beyond this case. It would threaten the exclusive jurisdiction of South Carolina's receivership courts (like the Court of Common Pleas for the County of Hampton). It would require receivers appointed by South Carolina courts, like me (and my co-receiver in the Murdaugh matter, Mr. Lay) to litigate in state and federal court simultaneously. And it would risk duplicative, wasteful, and potentially conflicting decisions—further complicating already sensitive cases (like the Murdaugh matter) and defying the *Barton* doctrine's purposes.

This *amicus* submits that Plaintiff is correct. In light of the *Barton* doctrine, "federal jurisdiction is doubtful." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008) (quotation omitted). This Court should "construe removal jurisdiction strictly," *id.*, and remand the entire controversy back to the state receivership court.

Respectfully submitted,

*/s/ Peter M. McCoy, Jr.*
Peter M. McCoy, Jr.
Federal Bar: 9896
McCoy Law Group, LLC
15 Prioleau Street
Charleston, SC 29401
Tel: (843) 459-8835
Email: peter@mccoylawgrp.com

This 14th Day of July, 2022